ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2004 OCT 29  PM 3:50

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Ft. Worth DIVISION

| | | |
|---|---|---|
| TINA PHILIP, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO._____ |
| | § | |
| JOHN ASHCROFT, ATTORNEY GENERAL, | § | 4-04CV-796-A |
| UNITED STATES DEPARTMENT OF | § | |
| JUSTICE, AGENCY | § | |
| Defendants. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Tina Philip, hereinafter called Plaintiff, complaining of and about John Ashcroft, Attorney General, United States Department of Justice, Agency, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Tina Philip, is a citizen of the United States and the State of Texas and resides in the City of Arlington, Tarrant County, Texas.

2. Defendant John Ashcroft, Attorney General, United States Department of Justice, Agency is the direct overseer of the Federal Bureau of Prisons. A request is made that the summons be delivered by the United States Marshall at

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND, Page 1

The Department of Justice, B-103950, Pennsylvania Avenue, NW, Washington D.C., 20530-0001 or wherever the Attorney General may be located.

## JURISDICTION AND VENUE

3. This is an action under Title 42 U.S.C. Section 2000e et. Seq. The trial court has federal question jurisdiction.

4. Venue is proper in that a substantial part of the events giving rise to the claim occurred in Tarrant County, Texas.

5. The amount in controversy exceeds the minimum jurisdictional requirements of this Court exclusive of interest and costs.

## NATURE OF ACTION

6. This is a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. Section 2000e et. Seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, color and national origin.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the acts complained of herein and Plaintiff's

Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter. Specifically, the plaintiff received her right to sue letter on or about August 1, 2004.

## FACTUAL BACKGROUND

8. Plaintiff Tina Philip is an Asian American of East Indian decent, citizen of the United States and resident of the city of Arlington and the state of Texas. Plaintiff began her employment with the defendant on January 28, 2002 and was employed by defendant, Federal Bureau of Prisons, Ft. Worth and Federal Bureau of Prisons, Carswell until April 22, 2002. At the time of her discharge plaintiff worked in the capacity of a student Co-Op case manager.

9. At the time of her discharge, plaintiff was a student Co-Op case manager charged with the responsibility, among others, of case management.

10. On or about April 16, 2002, plaintiff brought a cell phone onto the Federal Bureau of Prisons, Ft. Worth campus.

11. Subsequent thereto, on or about April 22, 2002, the plaintiff was discharged from her employment with the

Federal Bureau of Prisons for bringing a cell phone unto the Ft. Worth campus.

12. Based upon information and belief, Plaintiff has reason to believe that other similarly situated employees were not discharged from employment for the same type of cell phone infraction as the Plaintiff.

### RACE, COLOR AND NATIONAL ORIGIN

13. Defendant, John Ashcroft, intentionally engaged in unlawful employment practices involving Plaintiff because of her race, color and national origin.

14. Plaintiff, as an East-Indian, Asian-American, employee, was treated in a disparate manner and subjected to defendant's unfair policies and practices in that Plaintiff was treated unequal and unlike other employees similarly situated with the plaintiff. Said unfair policies and practices both limited plaintiff in her job classification, job assignments and other benefits because of plaintiff's race, color and national origin and further resulted in her discharge from employment on or about April 22, 2002.

15. As a result of defendant's policies and practices, plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her race, color and national origin.

16. As a further result of defendant's above stated actions, plaintiff has been, is being and will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities and job assignments due to plaintiff as an employee, but denied because of her race, color and national origin in an amount to be proven at trial.

17. Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's policies, practices, customs and usages as set forth herein.

## DAMAGES

18. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

    b. Back pay from the date the Plaintiff was discharged and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Emotional pain;

    e. Expert fees as the Court deems appropriate;

 f. Front pay in an amount the Court deems equitable and just to make the Plaintiff whole;

 g. Inconvenience;

 h. Interest;

 i. Loss of enjoyment of life;

 j. Mental anguish in the past;

 k. Mental anguish in the future;

 l. Loss of earnings in the past;

 m. Loss of earning capacity which will, in all probability, be incurred in the future; and

 n. Loss of benefits.

## EXEMPLARY DAMAGES

19. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## JURY DEMAND

20. Pursuant to Fed.R.Civ.P.38 the plaintiff demands a jury trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Tina Philip, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

TINA PHILIP, PLAINTIFF

_____, Pro Se
Tina Philip, Pro Se
6111 Brookknoll Drive
Arlington, Texas 76018
469-774-1967
817-375-9454 (Facsimile)

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been delivered on this 29th day of October, 2004 to all attorneys and parties pro-se of record by facsimile.

_____, Pro Se
Tina Philip, Pro Se